UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JUAN FRANCISCO SANDOVAL DIAZ                  PLAINTIFF

VS.                                            CIVIL ACTION NO. 3:10-CV-114-MA

RYAN ALEXANDER d/b/a RYAN ALEXANDER FARMS and
ALEXANDER FARMS, LLC                               DEFENDANTS

SEPARATE ANSWER AND AFFIRMATIVE DEFENSES
OF RYAN ALEXANDER d/b/a RYAN ALEXANDER FARMS

COMES NOW, Defendant Ryan Alexander d/b/a Ryan Alexander Farms (hereinafter referred to as "Ryan Alexander"), by and through counsel, and files this his Answer and Affirmative Defenses, and without waiving any other stated defenses, answers the Complaint in this cause, paragraph by paragraph, as follows:

PRELIMINARY STATEMENT

1.      It is ADMITTED that Plaintiff was a farmworker employed by Ryan Alexander under the federal H-2A guestworker visa program in 2008 and 2009. The remaining allegations contained in paragraph 1 are hereby DENIED.

JURISDICTION

2.      ADMITTED upon belief and information currently available to Ryan Alexander.

VENUE

3.      ADMITTED.

PARTIES

4.      Ryan Alexander lacks knowledge or information sufficient to form a belief about

the truth of said allegations, therefore same is hereby DENIED.

5. ADMITTED.

6. ADMITTED upon belief and information currently available to Ryan Alexander.

FACTS

7. ADMITTED as to Ryan Alexander.

8. DENIED.

9. It is ADMITTED by Ryan Alexander that Felix Herrera transported workers to and from the fields. The remaining allegations contained in this paragraph are hereby DENIED.

10. DENIED.

11. DENIED.

12. DENIED.

13. DENIED.

14. ADMITTED as to Ryan Alexander.

15. It is ADMITTED that Juan Salinas is a supervisory employee.

16. ADMITTED.

17. Ryan Alexander lacks knowledge or information sufficient to form a belief about the truth of said allegations, therefore same is hereby DENIED.

18. DENIED.

19. DENIED.

20. DENIED.

21. DENIED.

22. DENIED.

23. DENIED.

24. DENIED.

25. DENIED.

26. DENIED.

27. DENIED.

28. DENIED.

29. DENIED.

30. DENIED.

31. DENIED.

32. DENIED.

33. DENIED.

34. It is ADMITTED that Plaintiff suffered an injury to his ankle. The remaining allegations in this paragraph are hereby DENIED.

35. DENIED.

36. It is ADMITTED that Kenneth Alexander ordered Jenaro Mata to take Plaintiff to see a doctor. The remaining allegations in this paragraph are hereby DENIED.

37. ADMITTED upon belief and information available to Ryan Alexander.

38. ADMITTED upon belief and information available to Ryan Alexander.

39. It is ADMITTED that Plaintiff remained in the H-2A housing until December 2009. The remaining allegations contained in this paragraph are hereby DENIED.

40. DENIED.

41. DENIED.

42. DENIED.

43. DENIED.

44. DENIED.

45. ADMITTED.

46. ADMITTED.

47. ADMITTED.

48. i. ADMITTED.

    ii. ADMITTED.

    iii. ADMITTED.

    iv. ADMITTED.

49. ADMITTED upon belief and information available to Ryan Alexander.

50. i. DENIED.

    ii. DENIED.

    iii. DENIED.

51. DENIED.

52. DENIED.

53. DENIED.

54. DENIED.

55. DENIED upon belief and information available to Ryan Alexander.

56. DENIED.

57. DENIED.

58. DENIED.

59. DENIED.

60. The allegations contained in Paragraph Sixty do not require a response on the part of Ryan Alexander, however should a response be required, same is hereby DENIED.

61. DENIED.

### FIRST CAUSE OF ACTION: ASSAULT

62. DENIED.

63. DENIED.

### SECOND CAUSE OF ACTION: NEGLIGENCE

64. DENIED.

65. DENIED.

66. DENIED.

67. DENIED.

### THIRD CAUSE OF ACTION: BREACH OF CONTRACT

68. DENIED.

69. DENIED.

70. The allegations contained in Paragraph Seventy do not require a response on the part of Ryan Alexander, however should a response be required, same is hereby DENIED. It is specifically DENIED that Plaintiff is entitled to any of the relief requested.

### FOURTH CAUSE OF ACTION: FRAUD

71. DENIED. Further Plaintiff has failed to plead with particularity as to the allegations constituting fraud.

PRAYER FOR RELIEF

As to the unnumbered paragraph which begins "Wherefore," Plaintiff is not entitled to a judgment in any form or amount against Defendant Ryan Alexander d/b/a Ryan Alexander Farms. Further, Defendant respectfully requests that the Complaint against him be dismissed, with prejudice, with Plaintiff to bear all his costs.

AND NOW, having answered the Complaint in this cause, paragraph by paragraph, Defendant bring these, his Affirmative Defenses:

AFFIRMATIVE DEFENSE NO. 1

Plaintiff fails to state a claim for which relief may be granted.

AFFIRMATIVE DEFENSE NO. 2

Defendant pleads lack of subject matter jurisdiction as an affirmative defense.

AFFIRMATIVE DEFENSE NO. 3

Defendant pleads lack of jurisdiction over the person as an affirmative defense.

AFFIRMATIVE DEFENSE NO. 4

Defendant pleads failure to join an indispensable party under Rule 19 of the Mississippi Rules of Civil Procedure as an affirmative defense.

AFFIRMATIVE DEFENSE NO. 5

Defendant pleads that he provided all benefits otherwise available to Plaintiff under Mississippi Workers' Compensation law.

AFFIRMATIVE DEFENSE NO. 6

Defendant pleads Plaintiff's failure to use reasonable care for his own safety as an affirmative defense.

AFFIRMATIVE DEFENSE NO. 7

Defendant pleads all provisions of Miss. Code. Ann. §85-5-7 as the negligence of a third party or parties was the sole proximate cause or, alternatively, a contributing cause to the injuries of Plaintiff, if any.

AFFIRMATIVE DEFENSE NO. 8

Defendant pleads contributory negligence as an affirmative defense.

AFFIRMATIVE DEFENSE NO. 9

Defendant pleads comparative negligence as an affirmative defense.

AFFIRMATIVE DEFENSE NO. 10

Plaintiff's acts and omissions were the sole proximate cause of the incident.

AFFIRMATIVE DEFENSE NO. 11

Acts and omissions of a third party were the sole proximate cause of the incident.

AFFIRMATIVE DEFENSE NO. 12

Defendant pleads all applicable provisions of the Litigation Accountability Act of 1988.

AFFIRMATIVE DEFENSE NO. 13

Defendant pleads all applicable statute of limitations.

AFFIRMATIVE DEFENSE NO. 14

Defendant pleads injury by fellow servant as an affirmative defense.

AFFIRMATIVE DEFENSE NO. 15

Defendant pleads that the injury to Plaintiff, if any, did not arise out of and in the course of his employment.

AFFIRMATIVE DEFENSE NO. 16

Defendant Ryan Alexander pleads that any actions on the part of any individuals other than himself were performed outside of the scope of said individual's employment, and he is therefore not liable for same.

AFFIRMATIVE DEFENSE NO. 17

Defendant pleads that it has provided all benefits that Plaintiff was entitled as an affirmative defense.

AFFIRMATIVE DEFENSE NO. 18

Imposition of punitive or exemplary damages is unconstitutional under the provisions of the Constitution of the State of Mississippi and Defendant invokes all constitutional prohibitions against the application of punitive or exemplary damages as allowed under the Constitution of the State of Mississippi.

AFFIRMATIVE DEFENSE NO. 19

Imposition of punitive or exemplary damages is unconstitutional under the provisions of the Constitution of the United States of America and Defendant invokes all constitutional prohibitions against the application of punitive or exemplary damages as allowed under the Constitution of the United States of America.

AFFIRMATIVE DEFENSE NO. 20

The method for imposition of punitive or exemplary damages under the system in Mississippi courts is unconstitutionally vague and not rationally related to any legitimate government interest and therefore unconstitutional.

AFFIRMATIVE DEFENSE NO. 21

The assessment of punitive or exemplary damages is unconstitutional. The standards for imposition of punitive or exemplary damages under Mississippi law are unconstitutionally vague both with respect to the standard of imposing liability and with respect to the standard for the assessment of the amount of punitive or exemplary damages imposed, which vagueness is violative of the Due Process Clause of the fourteenth amendment of the United States Constitution and the Due Process Clause of the fifth amendment to the United States Constitution as well as Article III, Section 14 of the Mississippi Constitution. Moreover, the application of such vague standards is capricious and disproportionate as it is not rationally related to any legitimate government interest which is violative of the same constitutional provisions.

AFFIRMATIVE DEFENSE NO. 22

The defendant avers that the claim for punitive or exemplary damages in this action is violative of both substantive and procedural provisions of the fifth and fourteenth amendments to the United States Constitution as well as Article III, Section 14 and Sections 24 and 25 of the Mississippi Constitution, as well as other applicable provisions of the Mississippi Constitution.

AFFIRMATIVE DEFENSE NO. 23

The defendant avers that any threat or assessment of punitive or exemplary damages based on net worth, retained earnings, or wealth violates the Equal Protection Clause of the fourteenth amendment to the United States Constitution as well as applicable sections of the Mississippi Constitution.

AFFIRMATIVE DEFENSE NO. 24

The defendant avers that imposition of any punitive or exemplary damage award is violative of Article III, Section 28 of the Mississippi Constitution as well as other applicable sections of the Mississippi Constitution.

AND NOW, having brought his Answer and Affirmative Defenses, Defendant Ryan Alexander d/b/a Ryan Alexander Farms demands a trial by jury and respectfully requests this Honorable Court to grant him all relief requested and dismiss all claims against him with prejudice, taxing all costs to other parties as the Court sees fit.

RESPECTFULLY SUBMITTED, this the 13th day of April, 2011.

BO R. BROCK, MSB# 102309
The Deaton Law Firm
419 Magazine Street
Post Office Box 1726
Tupelo, MS 38802-1726
Telephone: (662) 844-2055
Facsimile: (662) 840-6039
Email: bo@deatonlawfirm.net


By: s/Bo R. Brock

**CERTIFICATE OF SERVICE**

I hereby certify that on April 13, 2011, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

W. Brent McBride, Esq.
Co-Counsel For Plaintiff

Melody Fowler-Green, Esq.
Co-Counsel For Plaintiff

THIS 13$^h$ day of April, 2011.

By: s/Bo R. Brock